### FONTENOT v. HILLYER–DEUTSCH EDWARDS, Inc.
### No. 1111.

Court of Appeal of Louisiana. First Circuit. March 11, 1933.

Thornton, Gist & Richey, of Alexandria, for appellant.

Julius T. Long, of Shreveport, for appellee.

ELLIOTT, Judge.

Ed Fontenot, employee of Hillyer-Deutsch Edwards, Inc., alleging accidental injury to himself of a serious nature while engaged in the work of sawing logs for the defendant, resulting in permanent total disability to do work of any reasonable character, brought suit and prays that the defendant Hillyer-Deutsch Edwards, Inc., be compelled to pay him compensation at the rate of 65 per cent. of a weekly wage of $12 for 400 weeks, subject to payments for 7 weeks received, and

the further sum of $150 on account of hospital expenses.

The defendant admits plaintiff's employment and injury while working for him in the woods, but denies its liability as claimed by the plaintiff. It alleges in its answer that plaintiff's injury consisted of nothing more serious than a sprained back, for which he was treated by its physician for about 7 weeks and was paid compensation during the period of his disability. That at the end of the said period of time plaintiff had recovered and was able to resume work, and that it owes him nothing further on said account.

There was judgment in the lower court in favor of the plaintiff as prayed for, subject to payments for 7 weeks received. The hospital expenses claimed were not allowed.

Defendant has appealed. The question in the case is whether the plaintiff, as a result of the injury received while working for defendant, is entitled to any further compensation, and, if so, the amount.

The plaintiff was 27 years old at the time of the trial, and therefore in the matter of age is in the prime of life.

The evidence shows that he has always worked since he arrived at the age of majority, even before that time, at hard manual labor. The evidence indicates that he is not qualified to perform any other kind of work than manual labor. He testifies that he had never felt or suffered any back injury, except the one alleged in his petition, while working for the defendant.

In this matter he is supported by the testimony of his father and by a neighbor who has known him practically all his life. His saw partner, John Wynn, testified that he had known plaintiff for many years, had seen him stripped while in bathing, and had worked with him sawing logs; that plaintiff was a strong well-formed man, and that there was nothing the matter with him previous to the injury suffered as stated in his petition; that plaintiff has never been able to work since, and there is no evidence to the contrary.

A witness testified that he had seen plaintiff driving a wagon since his injury, and that he was able to manage a team, etc. We have considered this statement, but to our mind it does not overcome the evidence showing plaintiff's complete disability to perform manual labor. We are satisfied that nobody can safely say that plaintiff will recover, nor fix on any time when it will take place or even improve. The district judge in his reasons for judgment found that the evidence showed that plaintiff was an able-bodied man, and able to do hard manual labor at the time of his alleged injury, and that he has never been able to do any work of that kind since.

One of the physicians called by the defense testifies that in his opinion the plaintiff is malingering, and that he is able to resume work, but the preponderance of the evidence on the subject justifies a different conclusion.

A number of physicians were examined; some were called as experts, and, after examining plaintiff, expressed opinions concerning his condition, as indicated by radiographs, which were produced. Some of the physicians had treated plaintiff within two hours after he was hurt. We do not go into details concerning the expert testimony, except to say that the experts did not all agree as to the showing made by the radiographs, nor as to the extent and nature of plaintiff's sacroiliac injury, nor as to the injury which some found at the end of his vertebræ. Some were more positive than others. It is sufficient to say that we are satisfied that plaintiff has been permanently and totally disabled, so far as we can see at present, to do work of any reasonable character. We are further satisfied that plaintiff received his injury, producing the result stated, by lifting and accidental fall while working for defendant.

The judgment appealed from is correct.

Judgment affirmed. Defendant and appellant to pay the cost in both courts.